UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *In re: BP p.l.c. Securities Litigation* | No. 4:10-MD-2185 |
| **This document relates to:** | |
| *Alameda County Emp. Ret. Assoc. et al. v. BP p.l.c. et al.* | No. 4:12-cv-01256 (cons.) |
| *Avalon Holdings Inc. et al. v. BP p.l.c. et al.* | No. 4:12-cv-03715 |
| *Stichting Pensionenfonds Metaal en Techniek et al. v. BP p.l.c. et al.* | No. 4:13-cv-00069 |
| *HESTA Super Fund v. BP p.l.c. et al.* | No. 4:13-cv-00129 |
| *New York City Employees' Ret. Sys. et al. v. BP p.l.c. et al.* | No. 4:13-cv-01393 |
| *Arkansas Teacher Retirement Sys. et al. v. BP p.l.c. et al.* | No. 4:14-cv-00457 |
| *Washington State Investment Board v. BP p.l.c. et al.* | No. 4:14-cv-00980 |
| *Helaba Invest Kapitalanlagegesellschaft mbH et al. v. BP p.l.c. et al.* | No. 4:14-cv-01065 |
| *Maryland State Ret. and Pension System v. BP p.l.c. et al.* | No. 4:14-cv-01068 |
| *GIC Private Limited v. BP p.l.c. et al.* | No. 4:14-cv-01072 |
| *Pension Reserves Inv. Mgmt. Bd. of Mass. v. BP p.l.c. et al.* | No. 4:14-cv-01084 |
| *Virginia Retirement System et al. v. BP p.l.c. et al.* | No. 4:14-cv-01085 |
| *Louisiana State Emps.' Ret. Sys. et al. v. BP p.l.c. et al.* | No. 4:14-cv-01087 |
| *IBM U.K. Pensions Trust Ltd. et al. v. BP p.l.c. et al.* | No. 4:14-cv-01279 |
| *Universities Superannuation Scheme Ltd. v. BP p.l.c. et al.* | No. 4:14-cv-01280 |
| *Merseyside Pension Fund v. BP p.l.c. et al.* | No. 4:14-cv-01281 |
| *The Bank of America Pension Plan v. BP p.l.c. et al.* | No. 4:14-cv-01418 |
| | Honorable Keith P. Ellison |

**MEMORANDUM AND ORDER**

Pending before the Court is a motion for judgment on the pleadings to dismiss certain claims under the Securities Exchange Act of 1934 ("Exchange Act") as time-barred. (Doc. No. 1662.)[1] Defendants BP p.l.c., BP America, Inc., BP Exploration & Production, Inc., Anthony

---

[1] All docket citations refer to the MDL docket, 10-md-2185.

1

Hayward, Douglas Suttles, H. Lamar McKay, Robert Dudley, and Robert Malone ("Defendants") argue that Exchange Act claims based on alleged misstatements made more than five years before the filing of the actions at issue are foreclosed by the Exchange Act's statute of repose. Defendants filed a memorandum and a reply in support of their motion. (Doc. Nos. 1663, 1706.) Plaintiffs[2] filed a combined response. (Doc. No. 1693.)

## I. BACKGROUND

These actions arise from Defendants' alleged misstatements and omissions related to the Deepwater Horizon explosion. Plaintiffs are individual investors who are pursuing causes of action under the Exchange Act and English securities law. Detailed descriptions of the facts underlying Plaintiffs' claims may be found in the Court's prior orders. *See In re BP p.l.c. Securities Litig.*, 843 F. Supp. 2d 712, 724–25, 741–42 (S.D. Tex. 2012); *In re BP p.l.c. Securities Litig.*, 852 F. Supp. 2d 767, 775–78 (S.D. Tex. 2012). The procedural background relevant to the above-listed actions may be found in the Court's ruling on Defendants' Motion to Dismiss Plaintiffs' Amended Complaints ("Third Motion to Dismiss"). *In re BP p.l.c. Sec. Litig.*, No. 4:12-CV-01256-CONS, 2017 WL 7037706, at *2 (S.D. Tex. June 30, 2017) at *2-*3.

---

[2] The plaintiffs in the following actions filed the consolidated response: *Alameda Cnty. Emps.' Ret. Assoc. et al. v. BP p.l.c. et al.*, 4:12-cv-1256 (cons.); *Stichting Pensioenfonds Metaal en Techniek et al. v. BP p.l.c. et al.*, 4:13-cv-0069; *HESTA Super Fund v. BP p.l.c. et al.*, 4:13-cv-0129; *N.Y.C. Emps.' Ret. Sys. et al. v. BP p.l.c. et al.*, 4:13-cv-1393; *The Bank of Am. Pension Plan v. BP p.l.c. et al.*, 4:14-cv-1418; *IBM U.K. Pensions Trust Ltd. et al. v. BP p.l.c. et al.*, 4:14-cv-1279; *Merseyside Pension Fund v. BP p.l.c. et al.*, 4:14-cv-1281; *Univs. Superannuation Scheme Ltd. v. BP p.l.c. et al.*, 4:14-cv-1280. Plaintiffs in the following actions joined the response: *GIC Private Ltd. v. BP p.l.c. et al.*, 4:14-cv-1072; *Wash. State Inv. Bd. v. BP p.l.c. et al.*, 4:14-cv-0980; *Avalon Holdings, Inc. et al. v. BP p.l.c. et al.*, No. 4:12-cv-03715; *Arkansas Teacher Ret. Sys. et al. v. BP p.l.c. et al.*, No. 4:14-cv-00457; *Virginia Ret. Sys. et al. v. BP p.l.c., et al.*, No. 4:14-cv-01085; *Maryland State Ret. and Pension Sys. v. BP p.l.c. et al.*, No. 4:14-cv-01068; *Pension Reserves Inv. Mgmt. Bd. of Mass. v. BP p.l.c. et al.*, 4:14-cv-01084; *Louisiana State Emps.' Ret. Sys. et al. v. BP p.l.c., et al.*, 4:14-cv-01087; *Helaba Invest Kapitalanlagegesellschaft Mbh et al. v. BP p.l.c. et al.*, 4:14-cv-01065. (Doc. Nos. 1694, 1695, 1696, 1697, 1698, 1699, 1700, 1702, 1703).

Additional procedural background specific to Defendants' statute of repose argument is relevant here. Defendants raised their statute of repose argument on two prior occasions.

First, Defendants raised the statute of repose argument in their Amended Second Tranche Consolidated Motion to Dismiss ("Second Tranche Motion to Dismiss"), which the Court decided in September 2014. *See In re BP p.l.c. Sec. Litig.*, No. 4:13-CV-1393, 2014 WL 4923749, at *1 (S.D. Tex. Sept. 30, 2014); *see also* MDL Doc. No. 718 at 41-42. Defendants asked the Court to dismiss causes of action based on alleged misstatements made more than five years before the filing of the individual actions. The Court applied the tolling rule set out in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), which provides that the filing of a class action tolls applicable statutes of limitations as to all putative class members until class certification is denied or until the individual ceases to be a member of the class. At the time, there was a circuit split regarding the application of *American Pipe* tolling to statutes of repose. The primary question was whether *American Pipe* tolling was an equitable rule, in which case it would not apply to statutes of repose. *In re BP p.l.c. Sec. Litig.*, 2014 WL 4923749, at *4. This Court concluded that *American Pipe* tolling was a legal rule, and further determined that it applied to the Exchange Act claims in this case. *Id.* at *4-*5.

On June 26, 2017, the Supreme Court held that *American Pipe* tolling is equitable in nature and thus does not apply to the three-year statute of repose that governs claims under Section 11 of the Securities Act of 1933. *Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2052, 198 L. Ed. 2d 584 (2017). This precedent is the basis for Defendants' motion.

Defendant Malone raised the statute of repose argument in his motion for reconsideration of the Court's decision on the Third Motion to Dismiss. (*See* Doc. No. 1584, at 4 n. 4.) Defendants had not argued for dismissal based on the statute of repose in their Third Motion to

Dismiss; briefing and argument had been completed prior to the *ANZ Securities* decision. (*See* Doc. Nos. 1419, 1546; Minute Entry dated 5/8/2017.) In his motion for reconsideration, Defendant Malone briefly raised the statute of repose argument in a footnote, stating that "Plaintiffs' Exchange Act claims are also barred by the five-year statute of repose, 28 U.S.C. § 1658(b)(2), because Mr. Malone's April 2007 statement was made more than five years before any of the above-captioned actions were filed." (Doc. No. 1584, at 4 n. 4.) Plaintiffs countered that this presented "a new legal theory impermissibly raised for the first time in a motion for reconsideration." (Doc. No. 1587, at 15.) The Court declined to decide the statute of repose issue raised in the motion for reconsideration, since it had not been raised in the original briefing. (Doc. No. 1632, at 4.)

## II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation marks omitted). Pleadings must be construed liberally, in the light most favorable to the plaintiff. *Id.*

## III. <u>PROCEDURAL PROPRIETY OF THE MOTION</u>

Before turning to the substance of Defendants' motion, the Court must address the procedural arguments that Plaintiffs raise in their response brief. Plaintiffs argue that Defendants' motion is procedurally barred on multiple grounds.

First, Plaintiffs argue that the Court's holding in its decision on the Second Tranche Motion to Dismiss established the law-of-the-case regarding *American Pipe* tolling, and that this prior holding cannot be disturbed. A court may reexamine its prior decision if "controlling authority has since made a contrary decision of the law applicable to such issues." *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 880 (5th Cir. 1993). The Court's reasoning to reach its decision that the Exchange Act's five-year statute of repose was subject to *American Pipe* tolling—that the rule was legal and not equitable—has been directly affected by the *ANZ Securities* decision. Accordingly, it is appropriate for the Court to re-examine the issue.

Plaintiffs further argue that Defendants are improperly attempting to use a Rule 12(c) motion to litigate issues that were not timely raised in their Rule 12(b)(6) motion. This argument is not based in Rule 12 itself. A motion under Rule 12(c) may be filed "after the pleadings are closed but within such time as not to delay the trial." Rule 12(g) limits the filing of subsequent motions under certain sections of Rule 12(b), but it does not prevent the filing of subsequent motions for failure to state a claim. *See* Rule 12(g)(2). In support of their argument, Plaintiffs provide an unpublished opinion from the Northern District of Texas, in which a court declined to consider arguments raised in a Rule 12(c) motion that had already been decided in the court's ruling on an earlier Rule 12(b) motion. *See Gonzalez ex rel. E.G. v. Bond*, No. 16-cv- 0068-BL, 2017 WL 3493124, at *7 (N.D. Tex. June 29, 2017) (Report and Recommendation adopted by 2017 WL 3491853, at *1 (N.D. Tex. Aug. 14, 2017)). In *Gonzalez*, there was no intervening change in law or other circumstances that would have affected the court's previous analysis of the arguments. Such is not the case here.

Lastly, Plaintiffs argue that Defendants are using their Rule 12(c) motion to re-litigate an issue that was already rejected by the Court when it was raised in Mr. Malone's motion for

reconsideration. Plaintiffs misconstrue the Court's holding. The Court concluded that it would not address the statute of repose argument raised in Mr. Malone's motion for reconsideration, because the issue was not part of the underlying motion of which Mr. Malone sought reconsideration. Defendants had good reason not to raise the issue in their Third Motion to Dismiss—*ANZ Securities* had not been decided until after briefing was complete and argument had been heard.

The Court is not persuaded by Plaintiffs' arguments that the motion for judgment on the pleadings is procedurally barred.

## IV. <u>STATUTE OF REPOSE ANALYSIS</u>

The Exchange Act has a five-year statute of repose. 28 U.S.C. § 1658(b)(2); *see Merck & Co. v. Reynolds*, 559 U.S. 633, 650 (2010); *Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372, 375 n. 4 (5th Cir. 2013).

Defendants argue that the Exchange Act's statute of repose bars Plaintiffs' Exchange Act claims based on alleged misstatements made more than five years before the filing of the actions. The dispositive question before the Court is whether the tolling rule set forth in *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974), which suspends the running of the statute of limitations against class members' claims, applies to Plaintiffs' Exchange Act claims.

Historically, courts have disagreed about whether *American Pipe* tolling applies to statutes of repose. Generally, statutes of repose are not subject to equitable tolling. *ANZ Sec.*, 137 S. Ct. at 2052 ("[T]he object of a statute of repose, to grant complete peace to defendants, supersedes the application of a tolling rule based in equity."); *see also CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014). Some courts found that *American Pipe* tolling was legal, i.e., grounded in statute (Rule 23), while others characterized it as equitable. *Compare Bright v.*

6

*United States*, 603 F.3d 1273, 1282, 1285–86 (Fed. Cir. 2010) (describing *American Pipe* as "statutory" tolling) and *Joseph v. Wiles*, 223 F.3d 1155, 1167 (10th Cir. 2000) (describing American Pipe as "legal" tolling) *with Bridges v. Dep't. of Md. State Police*, 441 F.3d 197, 211 (4th Cir. 2006) ("The American Pipe/Crown, Cork & Seal equitable tolling rule is a limited exception to the universal rule that statutes of limitations are impervious to equitable exceptions."). Other courts avoided the legal-equitable question, holding that even if *American Pipe* tolling were legal in nature, it would not apply to a statute of repose, because a statute of repose confers a substantive right, and the Rules Enabling Act does not permit the Federal Rules of Civil Procedure to modify substantive rights. *See Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013).

In 2017, the Supreme Court decided *ANZ Securities*, finding that *American Pipe* tolling did not apply to the Securities Act's three-year statute of repose. Petitioner was a member of a putative class of securities purchasers, who opted out of the class when the action settled. *ANZ Sec.*, 137 S. Ct. at 2048. Petitioner filed a separate complaint against the defendants, after the expiration of the 3-year period for filing suit. *Id.* The Court held that the time limitation at issue was a statute of repose and that the legislature intended to provide defendants complete protection from suit after three years passed. *Id.* at 2050-51. The Court held that the rule set forth in *American Pipe* was equitable in nature, and that it therefore could not toll the Securities Act's statute of repose. *Id.* at 2052.

Defendants argue that the application of *ANZ Securities* to the present case is simple: *ANZ Securities* clarifies that *American Pipe* tolling is an equitable rule. Equitable tolling does not apply to statutes of repose. The five-year time-bar in the Exchange Act is a statute of repose, thus *American Pipe* tolling is inapplicable. In response, Plaintiffs argue that the rule is not so simple,

7

since *ANZ Securities* is grounded in statutory interpretation and does not analyze the statute at issue in this case.

*ANZ Securities* is indeed grounded in statutory interpretation. The statutory interpretation question that the Court answered was whether the Securities Act's three-year time bar was a statute of repose, rather than a statute of limitation. "The determination that the 3–year period is a statute of repose is critical in this case, for the question whether a tolling rule applies to a given statutory time bar is one 'of statutory intent.'" *ANZ Sec.*, 137 S. Ct. at 2050. "Tolling is permissible only where there is a particular indication that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances." *Id.*

Courts routinely characterize the Exchange Act's five-year statutory time restriction as a "statute of repose." *See, e.g.*, *Hall*, 727 F.3d at 375 n. 4; *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1249 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2326, 198 L. Ed. 2d 755 (2017); *see also Merck*, 559 U.S. at 650 (stating that section 1658(b)(2) gives defendants "total repose after five years").

Analysis of the statute itself supports this characterization. A statute of repose is intended to give defendants complete protection from litigation after a defined period of time has passed. *Id.* at 2049. In contrast, a statute of limitation is intended to promote the timely pursuit of claims by plaintiffs. *Id.* In *ANZ Securities*, the Court looked at the plain language and structure of the Securities Act's time-limitation to determine that the three-year limit was intended as a complete bar. The relevant provision, Section 13, sets out two time limits: a shorter limit after discovery of an untrue statement or omission, and a longer limit after the security offering or sale from which the claim arises. 15 U.S.C § 77m. The longer limit is phrased "in no event shall any

such action be brought…" *Id.* (emphasis added). The Court found no other indications that the legislature did not intend to provide complete repose. *ANZ Sec.*, 137 S. Ct. at 2050. The statute setting forth the limitations periods applicable to Exchange Act claims, 28 U.S.C. Section 1658(b), is similar in structure to Section 13. The Exchange Act limitations statute provides two different terms—a shorter one that begins after the discovery of the facts constituting the violation, and a longer one that begins after the violation itself. This supports a conclusion that the longer time-restriction, calculated from the defendant's acts, is intended to be a statute of repose.

Although a few courts have relied upon *ANZ Securities* in cases involving the Exchange Act and ERISA claims, the opinions do not provide much guidance to this Court. The Third Circuit, in an unpublished decision, applied *ANZ Securities* to Exchange Act claims, holding that the claims were not tolled by the filing of a securities class action. *N. Sound Capital LLC v. Merck & Co. Inc.*, 702 F. App'x 75, 81 (3d Cir. 2017). The appeal was already pending when *ANZ Securities* was decided. The parties agreed that tolling did not apply in light of the holding in *ANZ Securities*, so the Third Circuit did not analyze the issue. A court in the Southern District of New York applied *ANZ Securities* in an ERISA action, holding that *American Pipe* tolling did not apply to the plaintiff's claims that were time-barred by ERISA's statute of repose. *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 153 (S.D.N.Y. 2017). The court explained that *ANZ Securities* established that *American Pipe* was equitable tolling and that ERISA's six-year bar was a statute of repose, since the Supreme Court had used ERISA as an illustrative example of a statute of repose. *Id.*

Plaintiffs point to cases in which courts have declined to extend *ANZ Securities*, but they are distinguishable from the cases before this Court. A bankruptcy court in the Southern District

9

of New York held that *ANZ Securities* did not alter a previous conclusion that the two-year lookback period of Section 548(a)(1) of the bankruptcy code was not a statute of repose. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. AP 08-01789 (SMB), 2018 WL 1442312, at *14 (Bankr. S.D.N.Y. Mar. 22, 2018), *as corrected* (Mar. 26, 2018). The bankruptcy statute has little in common with Section 13 and Section 1658(b). Plaintiffs also cite to a recent district court case from this district, in which the court found that *ANZ Securities* did not alter its decision to certify a class. *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. CV H-14-3428, 2017 WL 3620590, at *3 (S.D. Tex. Aug. 23, 2017). In *Cobalt Energy*, defendants sought reconsideration of the court's class certification decision, arguing that Securities Act and Exchange Act claims of unnamed class members were not filed individually within the three-year statute of repose, and thus were barred by *ANZ Securities*. *Id.* at *2. The court found defendants' argument to be misplaced. *ANZ Securities* analyzed whether individuals who opted out of a class could file claims after the expiration of the statute of repose, not whether putative class members had timely claims where the putative class action was filed within the statute of repose period but not certified until after it expired. *Id.* at *3. This procedural posture and the argument at issue shares nothing with the procedural posture in the present cases.

The Court thus relies on its own reading of the Exchange Act's limitation statute, along with prior case law characterizing the five-year bar as a statute of repose, to conclude that the five-year bar is a statute of repose, not subject to equitable tolling.

Finally, Plaintiffs argue that Defendants previously tried to distinguish Securities Act cases from Exchange Act cases when it suited their needs, and they urge the Court to look skeptically upon Defendants' change in position. In their argument on a prior motion to dismiss, Defendants distinguished a Securities Act case about the means by which plaintiffs may establish

scienter. *In re: BP p.l.c. Sec. Litig.*, No. 4:10-MD-2185, 2016 WL 3090779, at *10 (S.D. Tex. May 31, 2016). Plaintiffs assert that Defendants should therefore be estopped from arguing that *ANZ Securities*, a Securities Act case, applies to Plaintiffs' Exchange Act claims. Courts may apply judicial estoppel where a party's position directly and specifically contradicts its previous position on the issue. *See Republic of Ecuador v. Connor*, 708 F.3d 651, 654 (5th Cir. 2013) (holding that party judicially estopped from arguing that a specific international tribunal was not subject to discovery statute, where party had repeatedly argued same tribunal was subject to same statute before other courts). Here, Defendants' arguments do not directly contradict their prior argument about the applicability of Securities Act cases to Exchange Act claims, since the arguments relate to different statutory provisions and elements. Estoppel is not appropriate in this case.

## V.     CONCLUSION

After considering the parties' filings and the applicable law, the Court finds that the Exchange Act's five-year statute of repose applies to Plaintiffs' Exchange Act causes of action. The Court holds that Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

The parties are directed to confer regarding which claims are untimely under the five-year statute of repose and to submit a stipulation. If the parties cannot agree, then Plaintiffs may file a short brief identifying which claims identified in Defendants' Corrected Appendix A (Doc. No. 1706-1) are contested.

**IT IS SO ORDERED**.

Signed this 18th day of September, 2018.

                                        HON. KEITH P. ELLISON
                                        UNITED STATES DISTRICT JUDGE